IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| HAMPTON CORPORATION, INC., | ) | |
| DANIEL STAUSS, | ) | |
| SCOTT STAUSS, | ) | |
| STEEPLE APTS, LLC, | ) | |
| HEPPER OLSON ARCHITECTS, LTD., | ) | |
| PRIBULA ENGINEERING, PLLC, | ) | |
| HDD, INC., and | ) | |
| TIMES SQUARE TOWNHOMES II, INC., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CARRINGTON TOWNHOMES, INC., | ) | |
| SOUTH HAMPTON TOWNHOMES, INC., and | ) | |
| TOWNHOMES AT CHARLESWOOD LLP, | ) | |
| | ) | |
| Rule 19 Defendants. | ) | |
| _____ | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The United States of America alleges as follows:

### NATURE OF THE ACTION

1. The United States brings this action to enforce the Fair Housing Act, as amended

("FHA"), 42 U.S.C. §§ 3601-3619; the FHA's implementing regulations, 24 C.F.R. §§ 100.202

and 100.205; Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

§§ 12181-12213; and the ADA Standards for Accessible Design, *see* 28 C.F.R. Pt. 36

Appendices A & D ("ADA Standards"). As set forth below, the United States alleges that

Defendants – the owners, developers, designers, engineers, and/or builders of numerous residential apartment complexes – have discriminated against persons with disabilities by failing to design and construct covered multifamily dwellings and associated places of public accommodation so as to be accessible to persons with disabilities.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, 42 U.S.C. §§ 3614(a) and 42 U.S.C. § 12188(b)(1)(B).

3. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged in this action occurred in this District.

## SUBJECT PROPERTIES

4. Defendants have participated in the design, construction, or design and construction of one or more of the following properties (collectively, the "Subject Properties"):

5. Townhomes at Charleswood ("Charleswood") is a multifamily apartment complex located at 1908 Burlington Drive in West Fargo, North Dakota. Charleswood consists of three two-story buildings (A, B, and C), none of which has an elevator. Each of Charleswood's buildings has twenty apartments, eight of which are single-story, ground-floor units. Charleswood has a total of twenty-four single-story, ground-floor units. Charleswood has public and common use areas, including mail and trash facilities and parking lots.

6. Carrington Court Townhouse Apartments ("Carrington") is a multifamily apartment complex located in Grand Forks, North Dakota. Carrington Phase I is a multifamily apartment complex located at 2225 South 34th Street in Grand Forks, North Dakota. Carrington Phase II is a multifamily apartment complex located at 3383 Primrose Court in Grand Forks, North Dakota. Carrington consists of five two-story buildings (2225, 2249, 2275, 2299, and 3383B) and two

2

three-story buildings (3383A and 3383C), none of which has an elevator. Each of Carrington Phase I's four two-story buildings has twenty apartments, eight of which are single-story, ground-floor units. Carrington Phase II has one two-story building with twenty apartments, eight of which are single-story, ground-floor units, and it has two three-story buildings that each have twenty-eight apartments, twelve of which are single-story, ground-floor units. Carrington has a total of sixty-four single-story, ground-floor units. Carrington has public and common use areas, including mail and trash facilities, parking lots, and a swimming pool.

7. South Hampton Townhome Apartments ("South Hampton") is a multifamily apartment complex located at 3174, 3274, and 3374 36th Avenue South in Grand Forks, North Dakota. South Hampton Townhomes consists of three two-story buildings (3174, 3274, and 3374), none of which has an elevator. Each of South Hampton's buildings has twenty apartments, eight of which are single story. South Hampton has a total of twenty-four single-story, ground-floor units. South Hampton has public and common use areas, including mail and trash facilities and parking lots.

8. Steeples Apartments ("Steeples") is a multifamily apartment complex located at 2850 and 2950 36th Avenue South in Grand Forks, North Dakota. Steeples consists of three two-story buildings (A, B, and D) and one three-story building (C), none of which has an elevator. Each of Steeples's two-story buildings has sixteen apartments, eight of which are single-story, ground-floor apartments. Steeples's three-story building has twenty-four apartments, twelve of which are single-story, ground-floor units. Steeples has a total of thirty-six single-story, ground-floor units. Steeples has public and common use areas, including mail and trash facilities and parking lots.

9. The rental office, which is on the site of Times Square Townhomes ("Times Square Rental Office"), is a single building with a parking lot located at 3001 36th Avenue South in Grand Forks, North Dakota.

## DEFENDANTS

10. Defendant Hampton Corporation, Inc. ("Hampton Corp.") is a North Dakota business corporation whose principal place of business is in Grand Forks, North Dakota. Hampton Corp. is or was the developer, the general contractor, and, in some instances, the owner of the Subject Properties and participated in the design and construction of all the Subject Properties. Hampton Corp. was registered to do business in South Dakota until 2007 and registered to do business in Minnesota until 2005, and it owned, developed, or acted as general contractor for multifamily apartment complexes in addition to the Subject Properties.

11. Defendant Daniel Stauss is an individual who, upon information and belief, resides in Grand Forks, North Dakota. Defendant Daniel Stauss is the president of Hampton Corp. Defendant Daniel Stauss is registered agent for Defendant Hampton Corp., Defendant HDD, Inc., Rule 19 Defendant South Hampton Townhomes, Inc., and Rule 19 Defendant Carrington Townhomes, Inc. Defendant Daniel Stauss owns 50% of Defendant Time Square Townhomes II, Inc., 25% of the Rule 19 Defendant South Hampton Townhomes, Inc., and 25% of the Rule 19 Defendant Carrington Townhomes, Inc. Defendant Daniel Stauss personally participated – either directly or indirectly – in the design and/or construction of Charleswood and South Hampton, and, upon information and belief, he participated in the design and/or construction of all the Subject Properties. These actions included, but were not limited to:

    a.  selecting, using, and/or modifying building plans that he knew or should have known would result in features that are inaccessible to people with disabilities;

b.  making decisions about site layout or construction;

c.  participating in the submission of permit applications;

d.  financing construction costs; and

e.  selecting, hiring, or overseeing design and construction professionals, including architects, engineers, or contractors.

12. Defendant Scott Stauss is an individual who, upon information and belief, resides in East Grand Forks, Minnesota. Defendant Scott Stauss has acted on behalf of Hampton Corp. Defendant Scott Stauss is the registered agent for, and part owner of, Defendant Steeple Apts, LLC. Defendant Scott Stauss owns 50% of Defendant Steeple Apts, LLC and 50% of Rule 19 Defendant South Hampton Townhomes, Inc. Defendant Scott Stauss personally participated – either directly or indirectly – in the design and/or construction of Charleswood, South Hampton, and Steeples, and, upon information and belief, he participated in the design and/or construction of all the Subject Properties. These actions included, but were not limited to:

a.  selecting, using, and/or modifying building plans that he knew or should have known would result in features that are inaccessible to people with disabilities;

b.  making decisions about site layout or construction;

c.  participating in the submission of permit applications; and

d.  selecting, hiring, or overseeing design and construction professionals, including architects, engineers, or contractors.

13. Defendant Steeple Apts, LLC is a North Dakota limited liability company whose principal place of business is Grand Forks, North Dakota. Steeple Apts, LLC was an owner of Steeples at the time of the design and construction of Steeples.

14. Defendant Hepper Olson Architects, Ltd. is a North Dakota professional corporation whose principal place of business is Buxton, North Dakota. It is an architecture firm that participated in the design and construction of Steeples.

15. Defendant Pribula Engineering, PLLC is a North Dakota professional limited liability company whose principle place of business is Grand Forks, North Dakota. It is an engineering firm that participated in the design and construction of Steeples.

16. Defendant HDD, Inc. is a North Dakota corporation whose principal place of business is in Grand Forks, North Dakota. HDD, Inc. was an owner of South Hampton at the time of the design and construction of South Hampton.

17. Defendant Times Square Townhomes II, Inc., is a North Dakota corporation whose principal place of business is Grand Forks, North Dakota. It was an owner of the Times Square Rental Office at the time of its design and construction. The management offices for South Hampton, Carrington Court, and Steeples are located in the Times Square Rental Office. The Times Square Rental Office is listed as the principal office and registered agent address in North Dakota Secretary of State filings by Hampton Corp., HDD, Inc., Steeple Apts, LLC, Times Square Townhomes II, Inc., Carrington Townhomes, Inc., and South Hampton Townhomes, Inc.

18. This complaint refers collectively to the following Defendants as the "FHA Defendants": Hampton Corp.; Daniel Stauss; Scott Stauss; Steeple Apts, LLC; Hepper Olson Architects, Ltd.; Pribula Engineering, PLLC; and HDD, Inc.

19. This complaint refers collectively to the following defendants as the "ADA Defendants": Hampton Corp.; Steeple Apts, LLC; Time Square Townhomes II, Inc.; and HDD, Inc.

## RULE 19 DEFENDANTS

20. Defendant Carrington Townhomes, Inc. is a North Dakota corporation whose principal place of business is Grand Forks, North Dakota. It is the current owner of Carrington Court and, in that capacity, is named as a necessary party to this lawsuit under Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

21. Defendant South Hampton Townhomes, Inc. is a North Dakota corporation whose principal place of business is Grand Forks, North Dakota. It is the current owner of South Hampton and, in that capacity, is named as a necessary party to this lawsuit under Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

22. Defendant Townhomes at Charleswood LLP is a North Dakota ownership and rental or real estate partnership whose principal place of business is in Fargo, North Dakota. It is the current owner of Charleswood and, in that capacity, is named as a necessary party to this lawsuit under Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

## FACTUAL ALLEGATIONS

23. The following defendants are all subsidiaries or affiliates of Hampton Corp., with either Scott Stauss or Daniel Stauss as partial owner, registered agent, or both: Steeple Apts., LLC; HDD, Inc.; Times Square Townhomes II, Inc.; Carrington Townhomes, Inc.; and South Hampton Townhomes, Inc.

24. The Defendants' pattern or practice of failing to design and construct dwellings, public and common-use areas, and associated places of public accommodation in compliance with the FHA and the ADA, as alleged in this complaint, may extend to other multifamily

properties and, absent injunctive relief, to other multifamily properties that may be designed and constructed in the future.

### Fair Housing Act Allegations

25. The Subject Properties described above, excluding Carrington Phase I, were designed and constructed for first occupancy after March 13, 1991.

26. The Subject Properties described above, excluding the Times Square Rental Office, are "dwellings" and contain "dwellings" within the meaning of 42 U.S.C. § 3602(b).

27. All of the single-story, ground-floor units in the Subject Properties described above, excluding the Times Square Rental Office, are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f).

28. The covered multifamily dwellings designed and constructed for first occupancy after March 13, 1991, at the Subject Properties described above are subject to the accessibility requirements of 42 U.S.C. § 3604(f). These dwellings are hereinafter described as "covered units."

29. The United States obtained property plans related to the Subject Properties. These plans show internal, inaccessible features at covered units, including, but not limited to, doors with non-compliant openings and bathrooms and kitchens with insufficient clear floor space. These plans also show external, inaccessible features, including, but not limited to, excessive slopes, lack of accessible parking, and barriers at primary entrance doors. The United States conducted on-site inspections of the Subject Properties, which confirmed the existence of internal and external inaccessible features.

30. The following is an illustrative but not exhaustive list of inaccessible features created and caused by Defendants in designing and constructing the Subject Properties.

**Charleswood**

31. The inaccessible features at some or all of Charleswood's covered units include, but are not limited to:

    a.  barriers at amenities provided onsite (such as the mail facility, garages, and trash bins), including lack of an accessible route to units;

    b.  barriers in the approach walkway leading to primary entry doors, including one or more steps, running slopes greater than 5% without guardrails, and a lack of curb ramps;

    c.  barriers at primary entrance doors, including steps, noncompliant thresholds, and knob-style hardware rather than lever-style hardware;

    d.  barriers at internal doors, including clear openings less than 32 inches wide;

    e.  barriers at breezeways leading to units, including lack of cane detection under stairs near unit entrances and objects that protrude from the walls by more than 4 inches and that are between 27 and 80 inches above the floor;

    f.  barriers to accessible parking, including lack of an accessible aisle and lack of an accessible route to units; and

    g.  concrete back patios more than 4 inches below units' finished floor levels.

**Carrington**

32. The inaccessible features at some or all of Carrington's covered units include, but are not limited to:

    a.  barriers at amenities provided onsite (such as the mail facility, garage, trash bins, and pool), including lack of an accessible route to units;

b.  barriers in the approach walkway leading to primary entry doors, including one or more steps, running slopes greater than 5% without guardrails, abrupt level changes, and a lack of curb ramps;

c.  barriers at primary entrance doors, including noncompliant thresholds and knob-style hardware rather than lever-style hardware;

d.  barriers at breezeways leading to units, including lack of cane detection under stairs near unit entrances;

e.  lack of accessible parking; and

f.  concrete back patios more than 4 inches below units' finished floor levels.

**South Hampton**

33. The inaccessible features at some or all of South Hampton's covered units include, but are not limited to:

a.  barriers at amenities provided onsite (such as the mail facility, garage, and trash bins), including lack of an accessible route to units;

b.  barriers in the approach walkway leading up to the primary entry doors, including one or more steps, running slopes greater than 5% without guardrails, and a lack of curb ramps;

c.  barriers at primary entrance doors, including steps, noncompliant thresholds, and knob-style hardware rather than lever-style hardware; and

d.  barriers at breezeways leading to units, including lack of cane detection under stairs near unit entrances and objects that protrude from the walls by more than 4 inches and that are between 27 and 80 inches above the floor.

**Steeples**

34. The inaccessible features at some or all of Steeples's covered units include, but are not limited to:

    a.  barriers at amenities provided onsite (such as the mail facility, garage, and trash bins), including lack of an accessible route to units;

    b.  barriers in the approach walkway leading to primary entry doors, including one or more steps, running slopes greater than 5% without guardrails, and a lack of curb ramps;

    c.  barriers at primary entrance doors, including steps, noncompliant thresholds, and knob-style hardware rather than lever-style hardware;

    d.  barriers at breezeways leading to units, including lack of cane detection under stairs near unit entrances and objects that protrude from the walls by more than 4 inches and that are between 27 and 80 inches above the floor;

    e.  barriers to accessible parking, including lack of an accessible aisle and lack of an accessible route to units; and

    f.  concrete back patios more than 4 inches below units' finished floor levels.

## ADA Allegations

35. The Times Square Rental Office and its surrounding area were designed and constructed for first occupancy after January 26, 1993, and are places of public accommodation within the meaning of the ADA, 42 U.S.C. § 12181(7)(E) and 28 C.F.R. § 36.104. These areas, therefore, are required to meet the accessibility requirements of the ADA Standards.

36. The Times Square Rental Office is not designed and constructed so that it is readily accessible to and usable by individuals with disabilities, as required by the ADA,

42 U.S.C. § 12183(a)(1). The Times Square Rental Office fails to comply with the ADA Standards.

37. The inaccessible features at the Times Square Rental Office include, but are not limited to:

    a.  a curb ramp leading to the rental office has a noncompliant level change;

    b.  the walkway to the leasing office has a noncompliant step;

    c.  the rent payment box is not located on an accessible route; and

    d.  the designated accessible parking lacks an accessible aisle and is not on an accessible route.

## FAIR HOUSING ACT CLAIMS

38. The United States re-alleges and incorporates by reference the allegations set forth above.

39. The conduct of the FHA Defendants described above violates 42 U.S.C. §§ 3604(f)(1), (f)(2), and (f)(3)(C).

40. The FHA Defendants violated 42 U.S.C. § 3604(f)(3)(C), and 24 C.F.R. § 100.205(c), by failing to design and construct covered multifamily dwellings in such a manner that:

    a.  the public use and common use portions of the dwellings are readily accessible to and usable by persons with disabilities;

    b.  all doors designed to allow passage into and within the dwellings are sufficiently wide to allow passage by persons in wheelchairs; and

    c.  all premises within such dwellings contain the following features of adaptive design:

        i.  an accessible route into and through the dwelling;

      ii.   light switches, electrical outlets, thermostats, and other environmental controls in accessible locations; and

      iii.  usable kitchens and bathrooms, such that an individual using a wheelchair can maneuver about the space.

41. The FHA Defendants, through the actions and conduct referred to in the preceding paragraph, have:

    a.   discriminated in the sale or rental of, or otherwise made unavailable or denied, dwellings to buyers or renters because of a disability, in violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R. § 100.202(a);

    b.   discriminated against persons in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with a dwelling, because of a disability, in violation of 42 U.S.C. § 3604(f)(2) and 24 C.F.R. § 100.202(b); and

    c.   failed to design and construct dwellings in compliance with the accessibility and adaptability features mandated by 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205.

42. The conduct of the FHA Defendants described above constitutes:

    a.   a pattern or practice of resistance to the full enjoyment of rights granted by the FHA, 42 U.S.C. §§ 3601-3619; and

    b.   a denial to a group of persons of rights granted by the FHA, 42 U.S.C. §§ 3601-3619, which denial raises an issue of general public importance.

43. Persons who may have been the victims of the FHA Defendants' discriminatory housing practices are aggrieved persons under 42 U.S.C. § 3602(i), and may have suffered injuries because of the conduct described above.

44. The conduct of the FHA Defendants described above was intentional, willful, and taken in disregard of the rights of others.

## ADA CLAIMS

45. The United States re-alleges and incorporates by reference the allegations set forth above.

46. The conduct of the ADA Defendants described above constitutes:

a. a pattern or practice of discrimination within the meaning of 42 U.S.C. § 12188(b)(1)(B)(I) and 28 C.F.R. § 36.503(a); and

b. unlawful discrimination that raises an issue of general public importance within the meaning of 42 U.S.C. § 12188(b)(1)(B)(ii) and 28 C.F.R. § 36.503(b).

47. The ADA Defendants violated Title III of the ADA by designing and constructing places of public accommodation, including the rental office for multifamily dwellings, without ensuring that these places of public accommodation are readily accessible to persons with disabilities to the maximum extent feasible, as required by 42 U.S.C. § 12183(a)(1).

48. Persons who may have been victims of the ADA Defendants' discriminatory conduct are aggrieved as defined in 42 U.S.C. § 12188(b)(2)(B), and may have suffered injuries because of the conduct described above.

49. The conduct of the ADA Defendants described above was intentional, willful, and taken in disregard of the rights of others.

**PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court enter an order that:

    a.  Declares that the conduct of the FHA Defendants, as alleged in this complaint, violates the Fair Housing Act;

    b.  Declares that the conduct of the ADA Defendants, as alleged in this complaint, violates the Americans with Disabilities Act;

    c.  Enjoins the FHA Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them from:

        i.  failing or refusing to bring the dwelling units and public and common-use areas at covered multifamily properties in which each defendant was or is involved in the design and/or construction into full compliance with the FHA;

        ii.  failing or refusing to conduct FHA compliance surveys to determine whether the retrofits ordered in paragraph (i) above or otherwise performed comply with the FHA;

        iii.  designing or constructing any covered multifamily dwellings and public and common-use areas in the future that do not comply with the FHA; and

        iv.  failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the FHA Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct.

    d.  Enjoins the ADA Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them from:

    i.   failing or refusing to bring the public accommodations, including leasing offices and other public-use areas, at covered multifamily properties in which each defendant was or is involved in the design or construction, into full compliance with the ADA and the ADA Standards;

    ii.  failing or refusing to conduct ADA compliance surveys to determine whether the retrofits ordered in paragraph (i) above or otherwise performed comply with ADA and the ADA Standards;

    iii.  designing or constructing any public accommodations in the future that do not comply with the ADA and the ADA Standards; and

    iv.  failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the ADA Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct.

e.  Enjoins Rule 19 Defendants Carrington Townhomes, Inc., South Hampton Townhomes, Inc., and Charleswood LLP from engaging in conduct that impedes any retrofits required to bring the Subject Properties, including covered multifamily dwelling units and public and common use areas, into compliance with the FHA and the public accommodations areas into compliance with the ADA and the ADA Standards in a prompt and efficient manner while minimizing inconvenience to the residents and visitors at the properties and to the Rule 19 Defendants;

f.  Awards monetary damages under 42 U.S.C. § 3614(d)(1)(B) and 42 U.S.C. § 12188(b)(2)(B) to all persons harmed by the Defendants' discriminatory housing practices; and

g.  Assesses a civil penalty under 42 U.S.C. § 3614(d)(1)(C) in an amount authorized by

the FHA to vindicate the public interest against each FHA Defendant that participated

in the design or construction of Steeples.

The United States further prays for such additional relief as the interests of justice may require.

Dated:  March 16, 2020

Respectfully submitted,

WILLIAM P. BARR
Attorney General

DREW H. WRIGLEY
United States Attorney
District of North Dakota

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

_____
TARA VAVROSKY IVERSEN
MN Bar Board ID No. 0387790
Assistant United States Attorney
Quentin N. Burdick United States
Courthouse
655 First Avenue North – Suite 250
Fargo, ND 58102-4932
Phone: (701) 297-7414
Email: Tara.Iversen@usdoj.gov

_____
SAMEENA SHINA MAJEED
Chief
CATHERINE BENDOR
Deputy Chief
ABIGAIL B. MARSHAK
NY Bar Reg. No. 5350053
ALAN MARTINSON
MN Bar Board ID No. 0392031
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE
Washington, DC 20530
Phone: (202) 514-1968
Fax: (202) 514-1116
E-mail: Abigail.Marshak@usdoj.gov

Attorneys for Plaintiff United States of America

17